# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **BROOKE JERNIGAN** | ) | Case No. 12-70778 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **BROOKE JERNIGAN,** | ) | |
| | ) | A. P. No. 12-07026 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A.** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DECISION AND JUDGMENT ORDER

At Roanoke in said District this 1st day of August, 2012:

A hearing was held on July 10, 2012, to consider Well's Fargo's Motion to Dismiss the Debtor's Amended Complaint or in the alternative to grant Summary Judgment on the Amended Complaint. After considering the pleadings and arguments of the parties the Court makes the following findings of fact and conclusions of law.

### Background

The Debtor filed a Chapter 7 petition on April 23, 2012. At the time of the filing of the petition, the Debtor had three accounts at Wells Fargo with deposits totaling $7,790.47. It is alleged that Wells Fargo froze the funds in the accounts without notice to the Debtor. Wells Fargo has a nation-wide policy of placing an administrative hold on the accounts of customers who have filed a Chapter 7 petition. Wells Fargo ("the Bank") employs a third party vendor to

provide a list of customers who have filed for bankruptcy.  Upon receipt of notice from its vendor, the Bank sends a letter to the Chapter 7 trustee requesting instructions on what should be done with the funds in the debtor's account and puts a hold on the account pending notification from the Chapter 7 trustee as to whom the funds should be released.  The Bank also notifies the Debtor, and Debtor's counsel of the hold on the account.

## Discussion

The Amended Complaint contains four counts: (1) turnover of funds pursuant to 11 U.S.C. § 542; (2) civil liability under 12 C.F.R. § 229.21 ("Regulation CC); (3) class action civil liability under Regulation CC; and (4) violation of the automatic stay.[1]  The Bank argues, and the Debtor agrees, that Count 1 is moot as the money has been turned over and that Count 1 should be dismissed.  The bank argues that the Debtor does not have standing to pursue a claim under Regulation CC; that even if the Debtor does have standing, the Debtor has not stated a claim upon which relief can be granted under Regulation CC; and that the Court lacks jurisdiction to consider a nationwide class action.  The bank also argues that the Debtor lacks standing to pursue a claim based on a violation of the automatic stay; and that the Bank did not violate the stay as a matter of law.

### I. Standard for Dismissal

Federal Rule of Civil Procedure 12 provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In order to avoid dismissal on a 12(b)(6) motion, the plaintiff must have plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (U.S.

---

[1] 11 U.S.C. § 362.

2007). The plausibility standard requires "a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully. It requires the plaintiff to articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling him to relief, i.e., the plausibility of entitlement to relief." Glassman v. Arlington County, 628 F.3d 140, 145-146 (4th Cir. 2010) (internal quotations omitted). Well-pled allegations of a complaint are taken as true and viewed in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Similarly, reasonable inferences from the facts are drawn in the light most favorable to the plaintiff. Id. Courts construe a plaintiff's allegations liberally, because the Federal Rules of Civil Procedure only require general or "notice pleading," rather than detailed "fact pleading." 2-12 Moore's Federal Practice - Civil § 12.34.

## II. Standard for Summary Judgment

This Court set forth the relevant law regarding summary judgment in In re Pittman, 2010 WL 5629440 (Bankr. W.D. Va. Dec. 15, 2010). Pittman held that

> Federal Rule of Bankruptcy Procedure 7056 governs summary judgment in bankruptcy; it expressly incorporates Federal Rule of Civil Procedure 56. The News and Observer Publishing Co. v. Raleigh-Durham Airport Authority, 597 F.3d 570 (4th Cir.2010) sets forth the standard for granting motions for summary judgment. The News Observer holds:
>
>> Summary judgment should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2). Facts are material when they might affect the outcome of the case, and a genuine issue exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795 (1999). [I]n ruling on a motion for summary

> judgment, the nonmoving party's evidence is to be believed, and all
> justifiable inferences are to be drawn in that party's favor. Hunt v.
> Cromartie, 526 U.S. 541, 552 (1999) (internal quotations omitted).

Id. at 576.

> A party seeking summary judgment bears the burden to show that no genuine
> issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 325
> (1986); Brewster of Lynchburg, Inc. v. Dial Corp., 33 F.3d 355, 361 (4th
> Cir.1994).

Pittman, 2010 WL 5629440 at *1-2.

### III. Liability Under Regulation CC (Counts 2 &3)

A. Standing Under Regulation CC

Regulation CC states that if a bank

fails to comply with any requirement imposed under subpart B[2] . . . with respect to any person is liable to that person in an amount equal to the sum of --

(1) Any actual damage sustained by that person as a result of the failure;

(2) Such additional amount as the court may allow, except that --

(I) In the case of an individual action, liability under this paragraph shall not be less than $ 100 nor greater than $ 1,000;

12 C.F.R. 229.21(a). Regulation CC also provides for class action liability for a failure to abide by the requirements of subpart B of Regulation CC. Id. "Person" is not defined under Regulation CC. See 12 C.F.R. 229.2 ("person" is absent from this "Definitions" portion of Regulation CC). Neither party has cited, nor can the Court find, a portion of Regulation CC that explicitly defines who has standing to bring a claim. The Bank argues that if a violation of Regulation CC occurred, any claim under Regulation CC would be the Chapter 7 Trustee's claim

---

[2] This language also incorporates subpart A of Regulation CC and any state law that supersedes subpart B. See 12 C.F.R. 229.21(a)

4

and not the claim of the Debtor. The Debtor argues that she is a "depositor" under Regulation CC and that depositors are the focus of the private cause of action under Regulation CC. The Debtor also argues that she is the real party in interest who was injured by the alleged violation of Regulation CC.

Federal Rule of Civil Procedure 17 defines who may bring an action in federal court. Fed. R. Civ. P. 17(a). Moore's Federal Practice explains Rule 17:

> The Rule requires every action to be asserted in the name of the real party in interest. Real parties in interest are the persons or entities possessing the right or interest to be enforced through the litigation. The real party's right or interest must be legally protected. A party not possessing a substantive legal right is not the real party in interest with respect to that right. One who merely stands to benefit from the action, economically or otherwise, is not necessarily a real party.

4-17 Moore's Federal Practice - Civil § 17.10. The Court finds that Regulation CC's provision for civil liability focuses upon a "person" who suffers "actual damage" as result of a violation of Regulation CC. The Debtor plead actual damage from being unable to access her funds without notice from the Bank and the Debtor is a person. At this stage of the pleading, the Court is satisfied that the Debtor has standing to bring a Regulation CC claim. The Court finds that even if the Bank is correct that the bankruptcy estate would ultimately hold any claim under Regulation CC, the Bank has not sufficiently cited any law that demonstrates the Debtor would be unable to pursue such claim as an alleged real party in interest.

B. The Debtor Has not Stated a Claim Under Which Relief can be Granted Under Regulation CC

The Debtor's pleading states the following:

12 C.F.R. § 229.16(c)(2) states:

> When a depository bank *extends* the time when funds will be available for withdrawal on a case-by-case basis, it must provide the depositor with a written notice . . . *If notice is not given at the time of deposit*, the depository bank shall mail or deliver the notice to the customer not later than the first business day following the banking day the deposit is made.

In re Jernigan (AP 12-07026), Am. Compl. ¶ 16, May 3, 2012, ECF Docket No. 5 (emphasis added). It is clear from the face of this pleading that the cited C.F.R. is not applicable to the facts alleged in the complaint. The Debtor does not allege any specific deposits, nor is the time frame for any of the facts alleged "the time of deposit" or immediately thereafter. Therefore, Count 2 and 3 fail to state a claim upon which relief may be granted.

**IV. The Administrative Hold by the Bank Did Not Violate the Automatic Stay (Count 4)**

The Debtor alleges that the Bank's administrative hold on her accounts violated the automatic stay provisions of 11 U.S.C. § 362. The Bank argues that the Debtor does not have standing to raise a claim for violation of the automatic stay and that even if the Debtor does have standing, the bank has not violated the automatic stay as a matter of law.

This Court is not the first court to address the issue of whether or not Wells Fargo's national policy of placing an administrative hold on debtors' funds violates the automatic stay and whether debtors have standing to claim such alleged violations. See e.g. In re Zavala, 444 B.R. 181 (Bankr. E.D. Cal. 2011); In re Bucchino, 439 B.R. 761 (Bankr. D.N.M. 2010); In re Phillips, 443 B.R. 63 (Bankr. M.D.N.C. 2010); In re Young, 439 B.R. 211 (Bankr. M.D. Fla. 2010); In re Jimenez, 406 B.R. 935 (D.N.M. 2008); Calvin v. Wells Fargo Bank, N.A. (In re Calvin), 329 B.R. 589 (Bankr. S.D. Tex. 2005). All of the decisions cited above have found that

the Debtors either do not have standing to challenge the policy as a violation of the automatic stay, or that the administrative hold does not violate the automatic stay or both. Id. The only decision to hold to the contrary is Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi), 432 B.R. 812 (B.A.P. 9th Cir. 2010).

This Court agrees with the reasoning of the Bankruptcy Court for the Middle District of North Carolina that the key in determining if an administrative hold violates the automatic stay turns upon whether the hold is temporary and "serves to maintain the status quo and preserve property of the estate." In re Phillips, 443 B.R. 63, 66 (Bankr. M.D.N.C. 2010).

In this case, the Bank attached to its request for dismissal under Rule 12(b)(6) or, in the alternative, summary judgment under Rule 56, an affidavit of Luana Tafoya, Assistant Vice President of Deposits in the Bankruptcy Department of Wells Fargo and correspondence sent by the Bank to the Chapter 7 Trustee and Debtor's counsel. The Court finds that the affidavit and the documents have not been disputed by the Debtor and provide a sufficient factual record from which to draw a legal conclusion. The affidavit states:

> The Bank receives notices from a third-party vendor each day identifying bankruptcy filings and the existence of debtors that have bank accounts with Wells Fargo. The Debtor had three accounts with Wells Fargo ("the Accounts"). After being advised of the bankruptcy filing, the Bank placed an administrative freeze upon the Accounts and sent written notice to the Debtor's counsel and Charles Allen, the Chapter 7 trustee ("the Trustee"). The notice advised of the Bank's recognition that the Accounts were now property of the estate under control of the Trustee and not the Debtor. The notice further provided that the funds would not be available to the Debtor. Contemporaneously, the Bank requested the Trustee provide instructions to dispose of the funds in the Accounts.

According to the correspondence attached to the Bank's motion, the Bank mailed letters to the Chapter 7 Trustee and Debtor's Counsel on April 27, 2012.

The Debtor filed a Chapter 7 petition on April 23. The Bank put a hold on the Debtor's accounts and sent notices to the Chapter 7 Trustee and Debtor's counsel on April 27. The Debtor filed this adversary proceeding, including as Count 1, a motion for turnover. Before the motion for turnover could be heard on May 3, the Chapter 7 Trustee instructed the Bank to turnover the funds and the Bank complied. Thus, the Bank sent a notice to the Chapter 7 Trustee and Debtor's counsel within 4 days of notice to it of the filing of the petition and once receiving instructions from the Chapter 7 Trustee, immediately turned over the funds. The Debtor was without access to the funds in her account for approximately one week. However, this length of time includes mailing of the notice, its receipt by the Trustee, the Trustee's response, and then actual release of the hold and turnover of the funds.

There are no material facts in issue. The Court finds that the Bank's actions prove that it was trying to maintain the status quo and preserve property of the estate. The duration of the administrative hold was reasonable and was "temporary." Based upon the affidavit and applying the criteria set forth in Phillips, this Court finds that the Bank is entitled to judgment as a matter of law.

### Conclusion

Count 1 of the Amended Complaint is moot as the funds have already been turned over by the Bank to the Debtor and therefore, Count 1 will be dismissed. Counts 2 and 3 are based on an alleged violation of Regulation CC, but Regulation CC is inapplicable to the facts present in this case, and therefore, Counts 2 and 3 will be dismissed for failure to state a claim

upon which relief may be granted.[3] Count 4 alleges a violation of the automatic stay. The administrative hold placed by the Bank on the Debtor's funds was temporary and it was done to maintain the status quo and preserve property of the estate. Since the Bank's actions did not violate the automatic stay, summary judgment under Rule 56 will be granted and Count 4 will be dismissed. Accordingly, it is

**ORDERED:**

That the Amended Complaint is hereby **DISMISSED**.

Copies of this Decision and Order are directed to be sent to counsel for the Debtor, Gary Bowman, Esquire; to the Chapter 7 Trustee, Charles Allen, Esquire; and to counsel for the Bank, Loc Pfeiffer, Esquire.

/s/ Ross W. Krumm
_____
Ross W. Krumm
U.S. Bankruptcy Judge

---

[3] Fed. R. Civ. P. 12(b)(6).